## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In Re:

MATTHEW R. BUSKARD,

        Debtor.

_____/

Case No. 25-46017-tjt
Chapter 7
Judge Tucker

WENDY TURNER LEWIS, TRUSTEE,

        Plaintiff,

v.

MATTHEW R. BUSKARD,

        Defendant.

_____/

Adversary Proceeding
No.

## COMPLAINT REQUESTING DENIAL OF CHAPTER 7 DISCHARGE

Plaintiff Wendy Turner Lewis, the Chapter 7 Trustee for the bankruptcy estate of Matthew R. Buskard ("Plaintiff"), by her attorneys, Bernardi, Ronayne & Glusac, P.C., states:

### Jurisdiction

1.    This is an adversary proceeding brought pursuant to Fed. R. Bankr. P. 4004, Fed. R. Bankr. P. 7001(d), and § 727(a)(6) of the U.S. Bankruptcy Code (the

1

"Code") requesting the denial of a Chapter 7 discharge to Defendant Matthew R. Buskard ("Defendant").

2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(J) and 28 U.S.C. §1334.

<u>**General Allegations**</u>

3.     On June 12, 2025, Defendant filed a voluntary Petition under Chapter 7 of the Code, which commenced Chapter 7 case no. 25-46017-tjt (the "Chapter 7 Estate").

4.     Plaintiff is the duly appointed, qualified, and acting Trustee of the Chapter 7 Estate.

5.     On September 10, 2025, the Court entered the Order for Examination of the Debtor Under Fed. R. Bankr. P. 2004 in the Chapter 7 Estate on the stipulation of Plaintiff, creditor North Star Partners, LLC ("North Star"), and Defendant (Docket No. 51, the "First 2004 Order"). *See;* Exhibit A.

6.     The First 2004 Order provided, among other things, that Defendant attend and testify at an examination pursuant to Fed. R. Bankr. P. 2004 and E.D. Mich. 2004-1 on Wednesday, October 8, 2025, at 10:00 a.m.; that the Trustee and North Star may propound a Subpoena to Defendant requesting the production of documents; and that Defendant must then produce all responsive documents in his possession, custody, and control within ten days before October 8, 2025.

2

7.     North Star served a Subpoena upon Defendant's attorney on September 16, 2025, requesting the production of certain documents pursuant to the terms of the First 2004 Order. *See;* Exhibit B (the "Subpoena").

8.     Defendant failed to produce any of the documents requested in the Subpoena pursuant to the terms of the First 2004 Order.

9.     At the request of Defendant's attorney, North Star and Plaintiff agreed to a short adjournment of Defendant's examination, on the condition that Defendant agree to extend the dates for North Star and Plaintiff to object the dischargeability of his debts pursuant to Fed. R. Bankr. P. 4007 and his Chapter 7 discharge pursuant to Fed. R. Bankr. P. 4004.

10.     Defendant agreed to the aforementioned condition, and the parties' stipulated to the entry of Order Extending Time for Examination of the Debtor Under Fed. R. Bankr. P. 2004 and Extending the Deadlines to Object to Dischargeability of Debt and to Discharge, which was entered on October 6, 2025 (Docket No. 55, the "Second 2004 Order"). *See;* Exhibit C.

11.     The Second 2004 Order provided, among other things, that Defendant must attend and testify at an examination pursuant to Fed. R. Bankr. P. 2004 and E.D. Mich. 2004-1 on Tuesday, October 28, 2025, at 10:00 a.m.; that the Trustee and creditor North Star may propound a Subpoena to Defendant requesting the production of documents; that Defendant must then produce all responsive

documents in his possession, custody, and control within ten days before October 28, 2025; and that Plaintiff and North Star's deadline to object to the dischargeability of debt under Fed. R. Bankr. P. 4007 and to the Debtor's discharge under Fed. R. Bankr. P. 4004 was extended through and including November 14, 2025.

12.     Defendant again failed to produce any of the documents requested in the Subpoena pursuant to the terms of the Second 2004 Order. Instead, Defendant's attorney filed a Motion to withdraw as Defendant's attorney in the Chapter 7 Estate on October 9, 2025.

13.     Defendant also failed to attend his examination on Tuesday, October 28, 2025, at 10:00 a.m., pursuant to the terms of the Second 2004 Order.

## Count I

## Denial of Discharge Pursuant to Code § 727(d)(3)

14.     Plaintiff realleges the preceding paragraphs.

15.     Code § 727(a)(6)(A) provides that the Court shall not grant a debtor a discharge if "the debtor has refused, in the case - to obey any lawful order of the court, other than an order to respond to a material question or to testify".

16.     The Second 2004 Order is an Order of this Court.

17.     Defendant has refused to obey the Second 2004 Order.

18.     The Court should consequently deny Defendant's discharge pursuant to Code § 727(d)(3).

4

THEREFORE, Plaintiff respectfully requests entry of a judgment denying Defendant's discharge for the reasons previously given, and rendering such other relief as the Court deems just and equitable under the circumstances.

BERNARDI, RONAYNE & GLUSAC, P.C.

Dated:  November 13, 2025
/s/ Rodney M. Glusac
Attorneys for Plaintiff
1058 Maple Street
Suite 100
Plymouth, MI  48170
(734) 416-1780
rodg@brgpc.com
(P43756)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

MATTHEW R. BUSKARD,

              Debtor.

_____/

Case No. 25-46017-tjt
Chapter 7
Judge Thomas J. Tucker

**ORDER FOR EXAMINATION OF THE DEBTOR
UNDER FED. R. BANKR. P. 2004**

Based on the stipulation filed on September 10, 2025 (Docket # 50), by

Wendy Turner Lewis, the Chapter 7 Trustee, the Debtor, Matthew R. Buskard, and

creditor North Star Partners, LLC, the Court finds good cause to enter this Order.

IT IS ORDERED that under Fed. R. Bankr. P. 2004 and E.D. Mich. LBR

2004-1, the Debtor Matthew R. Buskard must attend and testify at an examination

on Wednesday, October 8, 2025, at 10:00 a.m.

IT IS FURTHER ORDERED that the Chapter 7 Trustee and/or creditor

North Star Partners, LLC may propound a subpoena for Rule 2004 examination

detailing requests for production of documents by emailing a copy to the Debtor's

counsel and that the Debtor must respond to the subpoena ten days before the

examination date and produce responsive documents in his possession, custody, or

control in the form and manner that those documents are maintained by Debtor.

# EXHIBIT A

Debtor reserves and has the right to object to any such document requests, which objections will be governed by Fed. R. Bankr. P. 2004.

IT IS FURTHER ORDERED that other of Debtor Matthew R. Buskard's creditors and parties in interest may attend the Rule 2004 examination and question the Debtor, upon providing written notice on or before October 6, 2025, at 5:00 p.m. to the Trustee's attorney, Rodney M. Glusac, at rodg@brgpc.com, advising that they intend on appearing and agree to share in the costs of the examination.

Signed on September 10, 2025



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

_____Eastern_____ District of _____Michigan_____

In re __MATTHEW R. BUSKARD__          Case No. __25-46017-tjt__
                Debtor

                                      Chapter __7__

## SUBPOENA FOR RULE 2004 EXAMINATION

To: __Matthew Buskard_____

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Via Zoom | Wednesday October 8, 2025 at 10:00 AM |

The examination will be recorded by this method: __audio, visual, or stenographic means.__

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Exhibit 1.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __September 16, 2025__

                CLERK OF COURT

                                      OR

_____              *Anthony J. Kochis*
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__North Star Partners, LLC__ , who issues or requests this subpoena, are:

Anthony J. Kochis, Wolfson Bolton Kochis PLLC, 880 W. Long Lake Road, Suite 420, Troy, MI 48098
Telephone: (248) 247-7105, Email: akochis@wolfsonbolton.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT B**

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT 1

Pursuant to Federal Rule of Civil Procedure 45 made applicable by Federal Rule of Bankruptcy Procedure 2004 and 9016, North Star Partners, LLC ("North Star") requests that you produce the documents and tangible things described below:

## DEFINITIONS

1.    "Any" means "each and every" as well as "any one."

2.    "Communication" means any correspondence, contact, discussion, or exchange between any two or more persons, whether written or oral.  Without limiting the foregoing, the term "Communication" includes all documents, e-mails, electronically stored information, telephone conversations, face-to-face conversations, meetings or conferences, and any other means of transmitting a message.

3.    "Debtor" means Mathew Buskard.

4.    "Document" means anything discoverable under the Federal Rules of Civil Procedure.  Further, the term "Document" shall be used in the broad and liberal sense and means written, typed, printed, recorded, or graphic matter, however produced or reproduced, of any kind and description and whether an original, master, duplicate, or copy, including papers, notes of conversations, contracts, agreements, purchase orders,

1

invoices, payment vouchers, credit memos, credit policies, payment receipts, bills of lading, delivery receipts, service tickets, field service reports, drawings, telegrams, tape recordings, communications (including inter-office and intra-office memoranda), analytical reports, studies, UCC searches, security agreements, working papers, corporate records, minutes of meetings, notebooks, wire transfers, bank deposit slips, bank checks, canceled checks, diaries, diary entries, appointment books, desk calendars, photographs, transcriptions or sound recordings of any type of personal or telephone conversations, negotiations, meetings, conferences, or things similar to any of the foregoing, and data, information, or statistics contained within any data storage module, tape, disc, or other memory device, or other information retrievable from storage systems including computer generated reports and print-outs and electronic communication, including email and facsimile transmissions, and all other electronically stored information (as that term is defined below).  The term "Document" shall also include data compilations from which information can be obtained and translated, if necessary, through detection devices in a reasonably usable form.  The term "Document" shall also mean any English translation of a document in another language.  If any "Document" has been modified by the addition of notations or otherwise, or has been prepared in multiple

4934-2224-1384, v. 2

copies that are not identical, each modified copy or non-identical copy is a separate "Document."

5.    "Electronically Stored Information" means all information of any kind stored or recoverable by any electronic means, including any information whether or not ever printed or displayed, and whether or not the information could be printed or displayed, including, but not limited to, any metadata or similar information, any computer program or software, any electronically stored document, any data stored on computers, personal digital assistants, cellular telephones, voice mail systems, back-up tapes, hard drives, USB ports, compact discs, and any other vessel, system, or machine that stores data electronically.

6.    "Loan" means the loan from North Star to you evidenced by the Note.

7.    "Note" means the Secured Promissory Note between North Star and you dated October 1, 2023.

8.    "Person" means any natural person, firm, corporation, partnership, proprietorship, joint venture organization, group of natural persons, funds, pension plans, or other associations separately identifiable, whether or not such organization, entity or association has a separate juristic existence in its own right.

4934-2224-1384, v. 2

9. "Petition Date" means June 12, 2025.

10. "Relate to," "relating to," and "related to," mean constituting, defining, containing, embodying, reflecting, identifying, stating, concerning, referring to, discussing, analyzing, recording, evidencing, dealing with, or in any way pertaining to.

11. The term "transfer" means each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing or parting with property or an interest in property.

12. "Security Agreement" means the Security Agreement dated September 25, 2023 between North Star and you; Bobcat Bonnie's Enterprises, LLC; 1800 Michigan Avenue LLC; 200 W Michigan Ave LLC; 240 W 9 Mile Rd LLC; 1800 Michigan Avenue LLC; Bonnie's To-Go LLC; Bonnie's Toledo LLC; and Bobcat Bonnie's Grand Rapids LLC.

13. "You" or "your" means the party to whom this subpoena is directed, his, her, or its agents, representatives, officers, directors, employees, attorneys, experts, investigators, insurers, or anyone acting on behalf of the foregoing.

14. As used herein, the connectives "and" and "or" as used in the term "and/or" shall be construed either disjunctively or conjunctively as

4934-2224-1384, v. 2

necessary to bring within the scope of this subpoena all documents that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1.      This subpoena covers all information known or available to you. This subpoena covers all Documents in your possession, custody or control, including, without limitation, documents in storage and documents held by agents, attorneys, or other persons on your behalf and subject to your control.  Should you be unable to respond to any request either by actual knowledge or upon information and belief, identify each person whom you know to have information regarding the subject of this subpoena.

2.      Whenever a Document has not been produced in full, identify with particularity the reason or reasons it has not been produced in full and describe to the best of your knowledge, information, and belief, and with as much particularity as possible, those portions of the document that have not been produced.

3.      If a Document called for by the subpoena is known to have existed but cannot be located now, identify the Document and state: (a) whether the missing Document has been in your possession, custody, or control, (b) where the missing Document was last known to be and the date

4934-2224-1384, v. 2

when the Document was last known to be in such location, and (c) in whose possession, custody, or control the document may be found, or (d) where applicable, whether the Document has been destroyed.

4.     If you consider any Document called for in this subpoena to be privileged or otherwise not subject to production, then include in your response to the subpoena a list of Documents withheld from production, identifying each document by date, addressee(s), author, title, and subject matter.  In addition, identify those persons who have seen the Document or who were sent copies.  Finally, state the ground(s) upon which each such Document is considered privileged.

5.     This subpoena shall be deemed continuing so as to require supplemental responses and/or production if you or your attorneys obtain further information between the time responses and/or production is made.

6.     Responsive documents should be delivered to the following location: Wolfson Bolton Kochis PLLC, 880 W. Long Lake Road, Suite 420, Troy, MI 48098.

4934-2224-1384, v. 2

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce any and all Documents and Communications related to or evidencing any or all of the following subjects:

1.      Documents and Communications that evidence what the Loan proceeds were used for.

2.      Communications that you sent related to obtaining the Loan.

3.      Documents evidencing the loan you entered into with secured party Corporation Service Company, as representative related to UCC 20191101000605-6 filed on November 1, 2019.

4.      Documents evidencing the loan you entered into with secured party CT Corporation System, as representative related to UCC 20210910000456-0 filed on September 10, 2021.

5.      Documents evidencing the loan you entered into with TOT Capital.

6.      Documents evidencing the loan you entered into with Adar Funding, LLC.

7.      Documents evidencing the loan you entered into with New York Tribeca Group LLC.

4934-2224-1384, v. 2

8.      Documents evidencing the loan you entered into with secured party CT Corporation System, as representative related to UCC 20230511000582-5 filed on May 11, 2023.

9.      Documents evidencing the loan you entered into with Co-Op Credit Union.

10.     Documents evidencing the State Tax Lien against you in the amount of $265,425 dated June 6, 2024.

11.     Documents evidencing the State Tax Lien against you in the amount of $49,897 dated March 25, 2024.

12.     Documents evidencing the State Tax Lien against you in the amount of $191,026 dated February 26, 2024.

13.     Documents evidencing the Civil Judgment against you in the amount of $595,000 dated January 29, 2024.

14.     Documents evidencing the State Tax Lien against you in the amount of $361,131 dated December 19, 2023.

15.     Documents evidencing the State Tax Lien against you in the amount of $512,184 dated December 19, 2023.

16.     Documents evidencing the Civil Judgment against you in the amount of $4,000 dated September 14, 2023.

4934-2224-1384, v. 2

17. Documents evidencing the Civil Judgment against you in the amount of $991,153 dated July 12, 2023.

18. Documents evidencing the Civil Judgment against you in the amount of $354,374 dated May 15, 2023.

19. Documents evidencing the Civil Judgment against you in the amount of $1,128,537 dated October 18, 2022.

20. Any and all personal financial statements given by you or on your behalf to any Person for the period January 1, 2023 through present.

21. All Documents that evidence any personal property owned by you at the time you signed the Security Agreement.

22. The operating agreement, including any amendments or restatements, of each of the following entities:

    a. Bobcat Bonnie's Enterprises, LLC;

    b. 1800 Michigan Avenue LLC;

    c. 200 W Michigan Ave LLC;

    d. 240 W 9 Mile Rd LLC;

    e. 1800 Michigan Avenue LLC;

    f. Bonnie's To-Go LLC; and

    g. Bonnie's Lansing, LLC.

4934-2224-1384, v. 2

23. For the period October 1, 2023 through present, all bank statements of each of the following:

a. You

b. Bobcat Bonnie's Grand Rapids LLC

c. Bonnie's Toledo LLC

d. Bobcat Bonnie's Enterprises, LLC;

e. 1800 Michigan Avenue LLC;

f. 200 W Michigan Ave LLC;

g. 240 W 9 Mile Rd LLC;

h. 1800 Michigan Avenue LLC;

i. Bonnie's To-Go LLC; and

j. Bonnie's Lansing, LLC.

24. For the period October 1, 2023 through present, all financial statements, tax returns, and balance sheets of each of the persons/entities identified in request no. 23 above.

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:                                    Chapter 7

MATTHEW R. BUSKARD,                        Case No. 25-46017-tjt

                              Debtor.      Judge Thomas J. Tucker

---

## ORDER EXTENDING TIME FOR EXAMINATION OF THE DEBTOR UNDER FED. R. BANKR. P. 2004 AND EXTENDING THE DEADLINES TO OBJECT TO DISCHARGEABILITY OF DEBT AND TO DISCHARGE

Based on the stipulation filed October 6, 2025 (Docket # 54), the Court finds good cause to enter this Order.

IT IS ORDERED that:

1.      Under Fed. R. Bankr. P. 2004 and E.D. Mich. LBR 2004-1, the Debtor Matthew R. Buskard must attend and testify at an examination on Tuesday, October 28, 2025, at 10:00 a.m.

2.      The Chapter 7 Trustee and/or the creditor North Star Partners, LLC may propound a subpoena for Rule 2004 examination detailing requests for production of documents by emailing a copy to the Debtor's counsel, and the Debtor must respond to the subpoena ten days before the examination date and produce responsive documents in his possession, custody, or control in the form and manner that those documents are

# EXHIBIT C

maintained by the Debtor. The Debtor reserves and has the right to object to any such document requests, which objections will be governed by Fed. R. Bankr. P. 2004.

3.  Other of Debtor Matthew R. Buskard's creditors and parties in interest may attend the aforementioned examination and question him, upon providing written notice on or before October 26, 2025, at 5:00 p.m. to the Trustee's attorney, Rodney M. Glusac, at rodg@brgpc.com, advising that they intend to appear and agree to share in the costs of the examination.

4.  The deadlines for the Chapter 7 Trustee and North Star Partners, LLC to object to the dischargeability of debt under Fed. R. Bankr. P. 4007 and to the Debtor's discharge under Fed. R. Bankr. P. 4004 are extended through and including November 14, 2025.

Signed on October 6, 2025



/s/ Thomas J. Tucker

Thomas J. Tucker
United States Bankruptcy Judge